No. 22-55950

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

KENNETH HOLLEY-GALLEGLY, on behalf of himself and all others similarly situated,
Plaintiff/Appellee,
v.
TA OPERATING, LLC, d/b/a "Travel Centers of America" and d/b/a "Petro Shopping Centers," a Delaware corporation,
Defendant/Appellant.

_____

On Appeal from the United States District Court for the
Central District of California
No. 22-cv-00593-JGB-SHK
Hon. Jesus G. Bernal

_____

**ANSWERING BRIEF OF APPELLEE KENNETH HOLLEY-GALLEGLY**

_____

Kevin T. Barnes, Esq. (#138477)
LAW OFFICES OF KEVIN T. BARNES
1041Parkside Commons, Suite 101
Greensboro, GA 30642-4519
Tel.: (213) 793-9100
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034
Email: RKatri@socallaborlawyers.com

Gregg Lander, Esq. (#194018)
DAVTYAN LAW FIRM
1635 Pontius Avenue, Floor 2
Los Angeles, CA 90025-3361
Tel.: (424) 320-6420
Email: Gregg@davtyanlaw.com

Attorneys for Plaintiff/Appellee Kenneth Holley-Gallegly,
on behalf of himself and all others similarly situated

# TABLE OF CONTENTS

**INTRODUCTION** .......................................................................... 1

**STATEMENT OF THE ISSUES** ................................................. 1

**ADDENDUM** ................................................................................ 2

**STATEMENT OF THE CASE** .................................................... 2

**STANDARD OF REVIEW** ......................................................... 6

**SUMMARY OF THE ARGUMENT** ........................................... 6

**ARGUMENT** ................................................................................ 9

**I.    TA Operating did not ask the district court to delegate the gateway issue of enforceability to an arbitrator and, in any event, the delegation clause is unconscionable.** ........................................... 9

    **A.    Appellant waived any argument that the delegation clause is not unconscionable.** ................................................................... 9

    **B.    The delegation clause is unconscionable.** ............................. 14

        *1. The delegation clause is procedurally unconscionable because it is adhesive and buried in a prolix form amongst 25 documents.* .15

        *2.The delegation clause is substantively unconscionable because it includes a jury waiver even if the arbitrator finds the agreement unenforceable, incorporates a Delaware choice-of-law provision, and imposes costs on Mr. Holley-Gallegly.* .................. 18

**II.    The Agreement as a whole is unenforceable because it is unconscionable** ........................................................................... 24

    **A.    TA Operating concedes procedural unconscionability but fails to identify all the elements of surprise and oppression.** ..................................................................... 24

    **B.    The Agreement is substantively unconscionable.** ................ 26

        *1.The Agreement purports to waive Mr. Holley-Gallegly's constitutional right to a jury trial even if the Agreement is held unenforceable.* ................................................................. 26

2. *The Agreement limits Mr. Holley-Gallegly's right to representation.* ................................................. 27

3. *The Agreement limits Mr. Holley-Gallegly's remedies.* .................................................... 29

4. *The Agreement severely restricts discovery.* ........................... 29

5. *The Agreement imposes unnecessary pre-arbitration hurdles* ... 32

6. *The Agreement imposes an unconscionable one-day limit on arbitration.* ................................................. 33

**C. The unconscionable provisions permeate the Agreement.** ............ 34

**CONCLUSION** ........................................................ 37

**STATEMENT OF RELATED CASES** .................................. 38

# TABLE OF AUTHORITIES

**Cases**

*Ajamian v. CantorCO2e, L.P.*,
 203 Cal.App.4th 771 (2012)................................................................ 14

*Allied-Bruce Terminix Cos, Inc. v. Dobson*,
 513 U.S. 265 (1995) ........................................................................... 13

*Armendariz v. Foundation Health Psychcare Services, Inc.*
 24 Cal. 4th 83 (2000)................................................................... passim

*Bains v. Department of Industrial Relations*,
 244 Cal. App. 4th 1120 (2016)........................................................... 11

*Baxter v. Genworth North America Corp.*,
 16 Cal. App. 5th 713 (2017).............................................................. 29

*Bruni v. Didion*,
 160 Cal.App.4th 1272 (2008).............................................................. 16

*Capili v. Finish Line, Inc.*,
 116 F. Supp. 3d 1000 (N.D. Cal. 2015)............................................... 34

*Carbajal v. CWPSC*,
 245 Cal.App.4th 227 (2016)................................................................ 24

*Cipolla v. Team Enterprises, LLC*,
 810 F. App'x 562 (9th Cir. 2020) ....................................................... 11

*City of Scotts Valley v. County of Santa Cruz*
 201 Cal. App. 4th 1 (2011)................................................................. 12

*Dougherty v. Roseville Heritage Partners*,
 47 Cal. App. 5th 93 (2020)........................................................... 16, 25

*Durruthy v. Charter Comm'ns, LLC*,
 No. 20-cv-1374, 2020 WL 6871048, (S.D. Cal. Nov. 23, 2020) ....................... 17

*Eicher v. Advanced Business Integrators, Inc.*,
 151 Cal.App.4th 1363 (2007)......................................................... 21, 28

*Fitz v. NCR Corp.*,
    118 Cal. App. 4th 702 (2004) ........................................................ 28, 29

*Harper v. Ultimo,*
    113 Cal. App. 4th 1402 (Cal. Ct. App. 2003) ..................................... 24

*Hoso Foods, Inc. v. Columbus Club, Inc.,*
    190 Cal. App. 4th 881 (2010) ............................................................. 26

*In re Checking Account Overdraft Litigation*,
    754 F. 3d 1290 (11th Cir. 2014) ......................................................... 11

*Jackson v. S.A.W. Ent. Ltd.*,
    629 F. Supp. 2d 1018 (N.D. Cal. 2009) .............................................. 34

*Lim v. tForce Logistics, LLC,*
    8 F. 4th 992 (9th Cir. 2021) ....................................................... passim

*Ling v. P.F. Chang's China Bistro, Inc.,*
    245 Cal. App. 4th 1242 (2016) ........................................................... 20

*Lona v. Citibank N.A.*,
    202 Cal. App. 4th 89 (2011) .............................................................. 14

*MacClelland v. Cellco P'ship,*
    No. 21-CV-08592-EMC, 2022 WL 2390997 (N.D. Cal. July 1, 2022) .............. 34

*Magno v. The Coll. Network, Inc*.,
    1 Cal. App. 5th 277 (2016) ......................................................... 16, 23

*Meadows v. Dickey's Barbecue Rests.,* Inc.,
    Case No. 15-cv-02139-JST, 2015 WL 7015396 (N.D. Cal. Nov. 12, 2015) ...... 19

*Mendoza v. Trans Valley Transp.,*
    75 Cal. App. 5th 748 (2022) ............................................................. 10

*Morgan v. Sundance, Inc.,*
    142 S. Ct. 1708 (2022) ....................................................................... 8

*Murrey v. Superior Court.,*
    No. G061329, -- Cal. App. 5th --, 2023 WL 1098156 (Cal. Ct. App. Jan. 30,
    2023) ............................................................................... 30, 32

*O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.),*
  887 F. 2d 955 (9th Cir.1989) ................................................. 8

*OTO, L.L.C. v. Kho*,
  8 Cal. 5th 111 (2019) ........................................................ 30

*Peterson v. Highland Music, Inc.,*
  140 F. 3d 1313 (9th Cir.1998) .............................................. 8

*Pinela v. Neiman Marcus Grp., Inc.,*
  238 Cal. App. 4th 227 (2015) ................................... 15, 18, 19

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010) .......................................................... 10

*Saika v. Gold,*
  49 Cal. App. 4th 1074 (1996) .............................................. 17

*Serafin v. Balco Properties Ltd., LLC,*
  235 Cal. App. 4th 165 (2015) ......................................... 13, 22

*Tiri v. Lucky Chances, Inc.,*
  226 Cal. App. 4th 231 (2014) .............................................. 14

*Van Ness Townhouses v. Mar Indus. Corp.,*
  862 F. 2d 754 (9th Cir. 1988) ............................................. 10

*Whittaker Corp. v. Execuair Corp.,*
  953 F. 2d 510 (9th Cir.1992) ............................................... 8

*Zullo v. Superior Court*,
  197 Cal. App. 4th 477 (2011) .............................................. 14

## Statutes

9 U.S.C. § 1 .................................................................... 9

9 U.S.C. § 2 ................................................................... 14

California Code of Civil Procedure § 1281 ............................... 14

California Labor Code § 218.5 ........................................ 23, 31

California Labor Code § 925 ................................................................ 20

California Labor Code §1194 ........................................................ 24, 31

**Treatises**

1 Witkin, Summary 10th (2005) Contracts, § 752 .................................. 24

# INTRODUCTION

The district court here correctly determined that the delegation clause and arbitration provisions in Appellant TA Operating's arbitration agreement were unenforceable as unconscionable. The district court further correctly determined that the multiple unconscionable provisions permeated the agreement and indicated that it was drafted in bad faith. Accordingly, this Court should affirm the order denying TA Operating's motion to compel arbitration.[1]

# STATEMENT OF THE ISSUES

1. Whether TA Operating waived application of the delegation clause when it asked the district court to decide enforceability without requesting that the issue be delegated to an arbitrator.

2. Whether TA Operating's delegation clause, which requires the application of the law of a foreign jurisdiction and is buried in a prolix form alongside unlawful jury waiver and fee split provisions, is enforceable.

3. Whether TA Operating's arbitration agreement that was presented on a take-it-or-leave-it basis amongst 24 additional forms and contained ambiguous provisions regarding the applicable rules is enforceable.

---

[1] Although not addressed by TA Operating as part of this appeal, regardless of this Court's decision, Mr. Holley-Gallegly's representative claims under the Private Attorneys General Act, Cal. Labor Code §§ 2698, et seq., cannot be dismissed as TA Operating requested in the district court. (ER 37-41.)

4.      Whether an arbitration agreement that purports to waive the right to a jury trial even if the agreement is held unenforceable, limits Mr. Holley-Gallegly's rights to representation and remedies, severely restricts discovery, imposes unnecessary pre-arbitration hurdles, and imposes a one-day limit on arbitration, is enforceable.

5.      Whether the district court abused its discretion in finding the multiple unconscionable provisions indicate bad faith on the part of TA Operating and, as such, could not be severed.

## ADDENDUM

The addendum to this brief contains all statutes relevant to the Court's determination of the issues in accordance with Ninth Cir. R. 28-2.7.

## STATEMENT OF THE CASE

Defendant/Appellant TA Operating LLC hired Mr. Holley-Gallegly in November 2018 in Nevada, and he transferred to California in 2019. SER-039. As part of the onboarding process for each position, Mr. Holley-Gallegly had to click through several documents online. SER-039. Mr. Holley-Gallegly signed 25 forms in 40 minutes. ER 73. Nothing in particular about these documents was pointed out to him, and no TA Operating representative advised him to read any specific language or advised him of any opt-out opportunities. SER-039.

Mr. Holley-Gallegly was not given an opportunity to negotiate any terms related to his employment. SER-039. As far as he knows, Mr. Holley-Gallegly did not sign any arbitration agreement. SER-039. However, TA Operating has presented an arbitration agreement ("Agreement") that Mr. Holley-Gallegly unknowingly executed. ER 83-87.

The Agreement begins by providing its execution as a condition of Mr. Holley-Gallegly's employment. ER 83. It goes on to specify that, before initiating arbitration, Mr. Holley-Gallegly must submit a special form to TA Operating, and asserts that this special form was provided with the electronic document. ER 83-84. TA Operating did not, however, give Mr. Holley-Gallegly any form to initiate arbitration. SER-039. The Agreement further states that arbitration must be initiated in conformance with the general rules of the organization National Arbitration and Mediation ("NAM"). ER 84.

Under the Agreement, Mr. Holley-Gallegly must decide "whether to use a lawyer… at the time th[e] arbitration is initiated," or, if TA Operating initiates arbitration, "within twenty (20) calendar days after [the employee's] receipt of notice that the Company has initiated arbitration." ER 85. And if Mr. Holley-Gallegly, an unsophisticated lay person with no understanding of the complexities of California employment law, proceeds with the help of a lawyer, the Agreement provides that he shall "bear [his] own costs and fees associated with the arbitration including, but not

limited to, attorneys' fees and the costs and fees of responding to discovery requests."
ER 86, SER-039. The Agreement also states, "Either party may proceed in arbitration
with or without an attorney to represent it, *at its own expense*." ER 85 (emphasis
added).

As for the conduct of the arbitration, the Agreement states that, "except as
provided in this paragraph," a separate set of NAM rules – those applicable to
employment disputes – will govern. The paragraph goes on to specify the extremely
restricted discovery allowed under the Agreement: "If either party elects to conduct
prehearing discovery, each party shall be allowed only up to five (5) interrogatories,
including subparts, five (5) requests for production, including sub-parts, and two (2)
depositions. Electronic discovery will be limited to searches of e-mail accounts of no
more than two (2) addresses for a twelve month period (or any shorter period for
which e-mails are retained in the ordinary course) and a maximum of five (5) search
terms or phrases will be permissible." ER 85.

In the same subsection as the discovery restrictions, but not in the same
paragraph,[2] the Agreement limits the arbitration hearing to a single day. ER 85, §
II.B.vi. In this case, there are eleven claims at issue, including representative claims.
ER 129-167.

---

[2] In other words, it is ambiguous whether the restriction in the previous paragraph
that a separate set of NAM rules applies "except as provided in this paragraph" is
applicable to this provision.

4

The Agreement purports to waive class and collective claims but not representative claims. ER 86.

On the fourth page of the Agreement, there is a paragraph called "Applicable Law and Construction/Waiver of Jury Trial." This paragraph states that an arbitrator will determine enforceability of the Agreement under Delaware law. ER 86. Just after the delegation clause, the Agreement provides that "**IF THIS AGREEMENT IS DETERMINED TO BE UNENFORCEABLE ANY CLAIMS BETWEEN YOU AND THE COMPANY RELATED TO YOUR EMPLOYMENT SHALL BE SUBJECT TO A NON-JURY TRIAL.**" ER 87 (emphasis in original).

Mr. Holley-Gallegly brought this putative class and PAGA action on behalf of Technicians employed by Appellant in California asserting various causes of action under the California Labor Code. ER 129-167.

Appellant TA Operating moved to compel arbitration, asking the district court to determine whether the Agreement was enforceable. SER-002. Neither the notice of motion nor the proposed order requested that the court delegate the issue regarding the enforceability of the Agreement to an arbitrator, and the memorandum only briefly mentioned the issue, citing the incorrect standard. SER-004, SER-031. Mr. Holley-Gallegly opposed the motion on several grounds, including that his PAGA claim must be stayed, and the unconscionability of the Agreement as a whole and of the delegation clause. ER 37-42. In reply, TA Operating once again failed to develop

any argument regarding the delegation clause issue, simply asserting that Mr. Holley-Gallegly's arguments "fall flat" without explaining why. SER-048.

The district court denied TA Operating's motion to compel in its entirety. ER 4-12.

## STANDARD OF REVIEW

Denial of a motion to compel arbitration is reviewed de novo. *Lim v. tForce Logistics, LLC,* 8 F.4th 992, 999 (9th Cir. 2021). Review of a district court's decision not to sever unconscionable portions of an arbitration agreement is reviewed for abuse of discretion. *Id.*

## SUMMARY OF THE ARGUMENT

First, TA Operating goes to great lengths to argue the district court should have delegated the determination of the enforceability of the Agreement to an arbitrator. However, it did not ask the district court to do so. TA Operating waived the opportunity to delegate a determination of enforceability to an arbitrator and cannot be allowed to have a second bite at the arbitrability apple.

Regardless, the delegation clause is not enforceable because it is unconscionable. First, as TA Operating concedes, it is procedurally unconscionable because it was presented as a contract of adhesion. Further, the delegation clause was buried in a mislabeled paragraph on page four of a document that was just one of 25 separate forms that Mr. Holley-Gallegly was instructed to "click through."

Second, it is substantively unconscionable because it is immediately followed by a jury waiver that applies even if the Agreement is held unenforceable, which provides TA Operating with a "heads I win, tails you lose" advantage.

The delegation clause is further unconscionable because it specifies that the enforceability of the Agreement must be decided under Delaware law, which would restrict Mr. Holley-Gallegly from using California unconscionability arguments in challenging the enforceability of the arbitration provision.

The delegation clause is also substantively unconscionable because it imposes attorney's fees and costs on Mr. Holley-Gallegly in the event he is not the prevailing party, contrary to California law.

Further, the Agreement as a whole is also unconscionable and therefore unenforceable. As noted, TA Operating admits the Agreement was procedurally unconscionable because it was oppressive but fails to acknowledge that its terms were also unconscionably surprising. The Agreement was provided amongst 24 other documents that Mr. Holley-Gallegly was instructed to "click through" and refers to two sets of rules in addition to the Agreement's own rules.

The Agreement is also highly substantively unconscionable.

First. the Agreement purports to waive Mr. Holley-Gallegly's constitutional right to a jury trial even if the Agreement is held unenforceable. This provision is patently unconscionable under California law.

Further, the Agreement limits Mr. Holley-Gallegly's right to representation by an attorney. This provision is one-sided because it hinders the employee significantly more than the employer, who has sophisticated officers and directors and, likely, an in-house legal department.

In addition, the Agreement is unconscionable because it provides that Mr. Holley-Gallegly will be responsible for his own fees and costs and, if TA Operating is the prevailing party, he will also have to pay its fees and costs. This provision is unconscionable under established California law.

Moreover, the Agreement unreasonably restricts Mr. Holley-Gallegly's discovery to five interrogatories, five requests for production, and two depositions. These limits prevent adequate discovery in complex wage and hour litigation, where necessary interrogatories and document requests often number in the hundreds.

In another unconscionable provision, the Agreement imposes unnecessary pre-arbitration hurdles, requiring Mr. Holley-Gallegly to first submit a special form before arbitration may begin (which TA Operating did not provide). Because TA Operating already has in its possession its special form that an employee must use, this provision benefits TA Operating, to the detriment of Mr. Holley-Gallegly.

In addition, the Agreement imposes an unconscionable one-day limit on arbitration. Eight hours is not enough time for Mr. Holley-Gallegly to present evidence on his eleven claims, including a representative PAGA claim.

Finally, the district court did not abuse its discretion in determining that it could not sever the multiple unconscionable provisions in the Agreement because they are indicative of bad faith in drafting.

In sum, because both the delegation clause and the Agreement as a whole are unconscionable, and the district court did not err in refusing to sever the multiple unconscionable provisions, the lower court's order should be affirmed in its entirety.

## ARGUMENT

I. **TA Operating did not ask the district court to delegate the gateway issue of enforceability to an arbitrator and, in any event, the delegation clause is unconscionable.**

### A. *Appellant waived any argument that the delegation clause is not unconscionable.*

This court does not generally "entertain[] arguments on appeal that were not presented or developed before the district court." *Peterson v. Highland Music, Inc.,* 140 F. 3d 1313, 1321 (9th Cir.1998). Although "no 'bright line rule' exists to determine whether a matter has been properly raised below," an issue will generally be deemed waived on appeal if the argument was not "'raised sufficiently for the trial court to rule on it.'" *Whittaker Corp. v. Execuair Corp.,* 953 F. 2d 510, 515 (9th Cir.1992) (quoting O'*Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.),* 887 F. 2d 955, 957 (9th Cir.1989)). "If an ordinary procedural rule—whether of waiver or

9

forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it. The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Morgan v. Sundance, Inc.,* 142 S. Ct. 1708, 1713 (2022).

Here, Appellant waived its argument that an arbitrator should decide the enforceability of the Agreement by barely mentioning the issue of the delegation clause in the district court, let alone developing a full record. Its notice of motion did not raise the issue and did not ask the district court to defer to the arbitrator regarding the arbitrability of the action. Instead, Appellant explicitly requested "an order pursuant to the Federal Arbitration Act (9 U.S.C. § 1, et seq.) compelling arbitration of Plaintiff KENNETH HOLLEY-GALLEGLY's ("Plaintiff") claims on an individual basis, dismissing Plaintiff's class claims without prejudice, and dismissing Plaintiff's non-individual, representative claims under the California Private Attorneys General Act of 2004." SER-004. In other words, TA Operating asked the court to compel arbitration, not to delegate the question regarding enforceability of the Agreement to an arbitrator. Neither the motion nor the proposed order asked the court to compel the action to arbitration for a determination regarding the enforceability of the Agreement. SER-004, SER-034.

Further, Appellant failed to develop any argument regarding the delegation clause. The memorandum appended one paragraph on the last page regarding the

delegation clause and failed to cite the correct standard. SER-031. Appellant did not assert that the delegation clause was clear and unmistakable, arguing only that "Plaintiff knowingly and voluntarily entered into the Agreement." SER-031.

In opposition to TA Operating's motion to compel, Mr. Holley-Gallegly noted that TA Operating had waived the issue, but also raised the unconscionability of the delegation clause. ER 41. In its reply, Appellant again failed to assert any substantive argument regarding the delegation clause. SER-048. Appellant's complete argument was, "Although Plaintiff asserts the delegation clause is unenforceable and TA failed to establish it was clear and unmistakable, both arguments fall flat." SER-048. Appellant offered no explanation of why Mr. Holley-Gallegly's arguments "fell flat" or any further support of the enforceability of the delegation clause. SER-048.

The agreement delegating gateway issues of arbitrability to the arbitrator is to be treated as a separate agreement. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 73 (2010). After only mentioning the gateway issue, and including no argument in support, Appellant instead vigorously pursued a "'judicial judgment on the merits of [those] arbitrable claims.'" *Van Ness Townhouses v. Mar Indus. Corp.,* 862 F. 2d 754, 759 (9th Cir. 1988) (emphasis added) (citation omitted). Asking the district court to decide only the arbitrability of the entire agreement without addressing the delegation issue was "'inconsistent with the agreement to arbitrate those claims'" and forfeits the right to arbitrate the gateway issue. *Id.; s*ee *Mendoza v. Trans Valley*

*Transp.,* 75 Cal. App. 5th 748, 770 (2022) ("Employers forfeited any argument regarding the delegation clause by failing to adequately brief it in their motions. … Employers' briefing in the trial court was insufficient to preserve the issue for appeal.").

Appellant TA Operating "essentially pursued a highly prejudicial heads-I-win-tails-you-lose strategy" against Mr. Holley-Gallegly; "under [Appellant's] view of the matter, [Appellant] could pocket a win on the merits of the gateway issues, but [Appellant] would get an automatic do-over if the district court ruled against it on the merits." *Cipolla v. Team Enterprises, LLC*, 810 F. App'x 562, 565 (9th Cir. 2020) (Collins, J., dissenting); *Bains v. Department of Industrial Relations*, 244 Cal. App. 4th 1120, 1127 (2016) (holding that litigants "cannot now complain [on appeal] that the trial court should not have decided the issue they themselves pressed the trial court to decide"). *Id.* at 1127.

Appellant's waiver here is similar to that of the defendant in *In re Checking Account Overdraft Litigation*, 754 F. 3d 1290 (11th Cir. 2014). There, Johnson, a bank customer, sued KeyBank for overcharging in overdraft fees. "KeyBank asked the district court to take up the threshold question of arbitrability and to compel arbitration of Johnson's claim in accordance with his deposit agreement." *Id*. at 1292. "The district court decided the gateway issue, but not in KeyBank's favor: it refused to enforce the arbitration agreement as unconscionable." *Id.* Only after the case was

remanded to the district court for reconsideration in light of recent precedent did KeyBank for the first time point to the delegation clause, arguing that the district court should have reserved the gateway issue for the arbitrator. *Id.* The Eleventh Circuit concluded that KeyBank waived enforcement of the delegation clause by raising it only after the issuance of an unfavorable unconscionability ruling. *Id.*

Likewise, here, after the district court issued an unfavorable unconscionability ruling, Appellant decided to argue instead that the issue should have been delegated to the arbitrator. See *City of Scotts Valley v. County of Santa Cruz* (2011) 201 Cal. App. 4th 1, 29 ("'where a deliberate trial strategy results in an outcome disappointing to the advocate, the lawyer may not use that tactical decision as the basis to claim prejudicial error'"). Had the trial court decided the arbitrability issue in TA Operating's favor, TA Operating would not be arguing on appeal the trial court should have let the arbitrator decide that issue. Having lost the arbitrability issue in the trial court, TA Operating seeks a second bite at the arbitrability apple by arguing (1) the trial court erred in deciding the arbitrability issue and (2) the trial court erred in ruling the arbitration provision was unconscionable.

Appellant did not develop the issue before the district court; it did not ask the court to delegate the decision in its notice of motion or proposed order, and its memorandum contained no argument regarding the alleged enforceability of the delegation clause. Although the trial court ruled on the delegation issue, it did not

have the benefit of full briefing regarding enforceability of the delegation clause. It is unfair to Mr. Holley-Gallegly and the district court that TA Operating now raises issues regarding the delegation clause for the first time on appeal. Accordingly, TA Operating's arguments regarding this issue should be disregarded.

### B.     *The delegation clause is unconscionable.*

Should this Court proceed to the merits of the delegation issue, it must conclude that the delegation clause is unconscionable. The enforceability of an arbitration agreement is governed by the ordinary principles of contract law. Code Civ. Proc. § 1281; see 9 U.S.C. § 2 (savings clause providing that an arbitration clause will not be enforced if state contract law invalidates the clause); *Allied-Bruce Terminix Cos, Inc. v. Dobson*, 513 U.S. 265, 281 (1995) ("States may regulate contracts, including arbitration clauses, under general contract law principles"). As such, contract defenses may also be applied to invalidate arbitration agreements, including the long-established doctrine of unconscionability. *Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal. 4th 83, 114 (2000).

The unconscionability doctrine has two components - procedure and substance. *Id*. The procedural and substantive elements need not be present to the same degree. *Id*. A sliding scale is applied whereby "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.*

14

    *1.    The delegation clause is procedurally unconscionable because it is adhesive and buried in a prolix form amongst 25 documents.*

First, the delegation provision is procedurally unconscionable. "Procedural unconscionability exists when the stronger party drafts the contract and presents it to the weaker party on a 'take-it-or-leave-it basis.'" *Serafin v. Balco Properties Ltd., LLC,* 235 Cal. App. 4th 165, 179 (2015) (citation omitted). To determine whether an arbitration agreement satisfies the procedural element of unconscionability, courts focus on two factors: oppression and surprise. *Tiri v. Lucky Chances, Inc*., 226 Cal. App. 4th 231, 245 (2014). "'Oppression' arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice.' 'Surprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Zullo v. Superior Court*, 197 Cal. App. 4th 477, 484 (2011) (citations omitted).

"Procedural unconscionability" relates to the manner in which the contract was negotiated; "[a]bsent unusual circumstances, evidence that one party has overwhelming bargaining power, drafts the contract, and presents it on a take it or leave it basis, is sufficient to demonstrate procedural unconscionability and requires the court to reach the question of substantive unconscionability, even if the other party has market alternatives." *Lona v. Citibank N.A.*, 202 Cal. App. 4th 89, 109

(2011). "The finding that the arbitration provision was part of a nonnegotiated employment agreement establishes, by itself, some degree of procedural unconscionability." *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 796 (2012) ("A nonnegotiable contract of adhesion in the employment context is procedurally unconscionable").

In its Opening Brief, TA Operating concedes, as it must, that the Agreement was an adhesive "take-it-or-leave-it" contract and, as such, was oppressive. AOB 24-26. The Agreement here explicitly provides that it was required as "a condition of [Mr. Holley-Gallegly's] continued employment." ER 83.

However, TA Operating fails to note that the Agreement was also a surprise. TA Operating did not advise Mr. Holley-Gallegly to read any specific language in any of the documents presented or point out the Agreement. SER-039. The delegation clause is buried on the fourth page of the Agreement, in the same typeface, and in a paragraph entitled "Applicable Law and Construction/Waiver of Jury Trial." ER 86. Mr. Holley-Gallegly is unsophisticated, and TA Operating did not point out the delegation clause to him. *Pinela v. Neiman Marcus Grp., Inc.*, 238 Cal. App. 4th 227 (2015) (finding procedural unconscionability of a delegation clause where it was "less likely" an "unsophisticated layperson" like the plaintiff "would understand how arbitrability questions are to be resolved under the agreement").

This renders the clause requiring the arbitrator to determine the gateway issue of arbitrability procedurally unconscionable. *Lim v. tForce Logistics, LLC,* 8 F. 4th 992, 1001 (9th Cir. 2021) ("Nothing in the text of the agreement called Lim's attention to the delegation clause, and Lim was not required to sign or initial that specific provision.").

TA Operating admits that 25 forms were presented to Mr. Holley-Gallegley in less than 40 minutes. ER 73. Mr. Holley Gallegley was instructed to "click through" these documents and does not recall signing an arbitration agreement. SER-039.

Under these circumstances, and combined with the element of oppression, the procedural unconscionability of the delegation clause is high. *Magno v. The Coll. Network, Inc*., 1 Cal. App. 5th 277, 285 (2016) (finding high procedural unconscionability where the plaintiffs "were rushed through the signing process, had no ability to negotiate, did not see the arbitration language buried on the back page of the preprinted carbon paper forms, and did not separately initial the arbitration clause"); *Bruni v. Didion,* 160 Cal. App. 4th 1272, 1293 (2008) (finding that an arbitration clause was an unconscionable surprise where the booklet containing the arbitration provision was buried in a stack of purchase and sale documents).

**C. The delegation clause is substantively unconscionable because it includes a jury waiver even if the arbitrator finds the agreement unenforceable,**

> *incorporates a Delaware choice-of-law provision, and imposes costs on*
>
> *Mr. Holley-Gallegly.*

The delegation clause was also substantively unconscionable.

First, an arbitration agreement is unenforceable where it "require[s] plaintiffs to waive in advance their right to a jury trial for any dispute for which arbitration is not allowed by law." *Dougherty v. Roseville Heritage Partners*, 47 Cal. App. 5th 93, 107 (2020); see also *Lange v. Monster Energy Co.*, 46 Cal. App. 5th 436, 452 (2020) (finding that pre-dispute jury trial waiver provision in arbitration agreement was substantively unconscionable); *Durruthy v. Charter Comm'ns, LLC*, No. 20-cv-1374, 2020 WL 6871048, at *12 (S.D. Cal. Nov. 23, 2020) (same).

Here, the delegation clause "is not an independent paragraph within the Agreement; it is the second sentence of a paragraph titled 'Applicable Law and Construction/Waiver of Jury Trial.'" ER 9. Just after the delegation clause, the Agreement provides that "**IF THIS AGREEMENT IS DETERMINED TO BE UNENFORCEABLE ANY CLAIMS BETWEEN YOU AND THE COMPANY RELATED TO YOUR EMPLOYMENT SHALL BE SUBJECT TO A NON-JURY TRIAL.**" ER 87.

This "heads I win, tails you lose" provision purports to take away the right to a jury trial even if an arbitrator finds the Agreement is unenforceable. Although formally bilateral, "the practical effect of the clause is to tilt the playing field" in

favor of the employer. *Saika v. Gold,* 49 Cal. App. 4th 1074, 1080 (1996). The employer can make the arbitration agreement as unconscionable as it wants, because even if the agreement is found to be unenforceable, the employer is still protected from a jury verdict. Consequently, as the district court correctly held, the delegation clause is unconscionable and unenforceable.

Second, the delegation clause specifies that the arbitrability of Mr. Holley-Gallegly's claims must be decided under Delaware law. ER 85. This provision is illegal under California law. Labor Code § 925.

A choice of law provision that forecloses an employee's ability to argue that an arbitration agreement as a whole is unconscionable under California law renders the delegation clause substantively unconscionable. *Pinela v. Neiman Marcus Group,* 238 Cal. App. 4th 227, 248, 249 (2015).

In *Pinela*, the arbitration agreement contained a Texas choice of law provision. The plaintiff argued the delegation provision was unconscionable in light of the interaction between that provision and the choice of law provision. *Id*. at 246. Specifically, the plaintiff argued the choice of law provision unfairly prevented him from raising arguments regarding unconscionability under California law; instead, he was limited to making those arguments under Texas law. *Id.*

The California appellate court noted that "[c]hoice-of-law provisions contained in [adhesion] contracts are usually respected. Nevertheless, the forum will scrutinize

19

such contracts with care and will refuse to apply any choice-of-law provision they may contain if to do so would result in substantial injustice to the adherent." *Id*. at 247 (citations and internal quotation marks omitted). The *Pinela* court ultimately concluded the "elimination of Pinela's ability to contend that the NMG Arbitration Agreement as a whole is unconscionable under California law renders the delegation clause substantively unconscionable." *Id.* at 248; see id. at 249–50 (noting the delegation clause imposed "burdens that are not an inherent feature or consequence of delegation clauses generally, and that were not borne equally to both contracting parties"). In other words, "forcing Pinela to arbitrate under Texas law not only destroys the foundation for his affirmative claims, it eliminates his ability to argue unconscionability using California public policy as a measuring stick for enforceability." *Id.* at 257; *Meadows v. Dickey's Barbecue Rests.,* Inc., Case No. 15-cv-02139-JST, 2015 WL 7015396, at *11 (N.D. Cal. Nov. 12, 2015) ("The [*Pinela*] court then held that the delegation clause was substantively unconscionable because the Texas choice-of-law provision would restrict plaintiffs from using California unconscionability arguments in challenging the enforceability of the arbitration provision or from limiting the choice-of-law provision to prevent substantial injustice.") (citing *Pinela,* 238 Cal. App. 4th at 249).

The same situation is present here. The delegation clause, which specifically includes the choice of law clause, would require an arbitrator to apply Delaware law

in deciding whether the Agreement as a whole is valid and enforceable. Thus, as in *Pinela*, the Agreement prevents Mr. Holley-Gallegly from arguing the delegation clause is unconscionable under California law. Therefore, the delegation clause itself is unconscionable.

Third, the Agreement permits an award of attorney's fees to the prevailing party, which is substantively unconscionable under California law. *Lim v. tForce Logistics, LLC*, 8 F. 4th 992, 1003 (9th Cir. 2021). In *Lim*, this Court held that "if tForce prevailed on arbitrability and later prevailed on the merits in the arbitration, the contract would allow tForce to seek to recover all of its reasonable attorney's fees, including those incurred in connection with determining arbitrability. This creates a chilling effect on Lim enforcing his rights because it exposes him to the possibility of paying attorney's fees to tForce if he lost at arbitration, including fees associated with the threshold issue of arbitrability." *Id*. Because the plaintiff there "would not face that risk in federal court because California public policy 'unequivocally prohibits an employer from recovering attorney fees for defending a wage and hour claim.'" *Id.* (quoting *Ling v. P.F. Chang's China Bistro, Inc.,* 245 Cal. App. 4th 1242, 1256 (2016).

In *Lim,* the Court recognized that the plaintiff there "would likely not be required to pay attorney's fees unless and until tForce prevails on the merits of Lim's claims." *Id.* at 1004. However, it held that "the timing of the payment does not

eliminate the unconscionable chilling effect of the fee-shifting provision because it still exposes Lim to liability for his employer's attorney's fees if his claims are unsuccessful—which California law prohibits." *Id.* As a result, the Lim court held that the fee-shifting provision rendered the delegation clause in that case unconscionable. *Id.*

Likewise, here, the Agreement purports to limit the employee's remedies, providing that each party shall "bear its own costs and fees associated with the arbitration including, but not limited to, attorneys' fees and the costs and fees of responding to discovery requests." ER 86. The Agreement also states, "Either party may proceed in arbitration with or without an attorney to represent it, *at its own expense*." ER 85 (emphasis added).

Controlling law provides that a prevailing plaintiff shall recover fees and costs for successful wage claims. Labor Code §§ 218.5, 1194 (a). Further, fees and costs may be awarded to a prevailing employer under section 218.5 *only* where the action is found to be "in bad faith." Labor Code § 218.5. And section 1194 does not provide for any fees or costs to be awarded to a prevailing employer. Labor Code § 1194; *Eicher v. Advanced Business Integrators, Inc.*, 151 Cal. App. 4th 1363, 1381 (2007) (section 1194 is a "one-way fee shifting statute … which authorizes fee awards only in favor of employees").

Although the Agreement later states, "The arbitrator may award reasonable attorneys' fees and expenses only if expressly required by an applicable statute or law," this clause does not vitiate the violation; applicable laws are always part of a contract (1 Witkin, Summary 10th (2005) Contracts, § 752, p. 842), so a provision merely repeating this canon of construction adds nothing to the contract. As the district court noted, "[T]he earlier provision implies the imposition of large fees that seeks to either (1) deter an employee from retaining legal representation, (2) deter an employee from seeking simple discovery requests, or (3) deter an employee from initiating arbitration at all." ER 10. Such a clause, therefore, has only the effect of dissuading unsophisticated employees, who do not know that such fees may not be imposed on them, from seeking relief. *Armendariz,* 4 Cal. 4th at 111 ("[t]he payment of large, fixed, forum costs, especially in the face of expected meager awards, serves as a significant deterrent" to employment claims).

As a result, just like in *Lim*, the attorney's fees provisions creates a chilling effect on Mr. Holley-Gallegly enforcing his rights because it exposes him to the possibility of paying attorney's fees to TA Operating if he lost at arbitration, including fees associated with the threshold issue of arbitrability.

Because the jury waiver, choice of law, and attorney's fees provisions are all unconscionable and directly related to the delegation clause, the threshold issue of enforcement cannot be delegated to an arbitrator.

23

**II.     The Agreement as a whole is unenforceable because it is unconscionable**

The broad Agreement here cannot be enforced because it is procedurally and substantively unconscionable and violates *Armendariz.*

**A.     TA Operating concedes procedural unconscionability but fails to identify all the elements of surprise and oppression.**

As addressed above, "[p]rocedural unconscionability exists when the stronger party drafts the contract and presents it to the weaker party on a 'take-it-or-leave-it basis.'" *Serafin,* 235 Cal. App. 4th at 179 (citation omitted). TA Operating acknowledges that its Agreement was procedurally unconscionable because it was oppressively presented on an adhesive basis. AOB 24-26.

However, Defendant fails to recognize the surprise aspects of the Agreement. *Zullo,* 197 Cal. App. 4th at 484 ("'Surprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms").

TA Operating did not advise Mr. Holley-Gallegly to read any specific language in any of the 25 documents presented in the span of 40 minutes. SER-039, ER 73. Mr. Holley-Gallegly was instructed to "click through" these documents and does not recall signing an arbitration agreement. SER-039. See *Magno,* 1 Cal. App. 5th at 285 (finding high procedural unconscionability where the plaintiffs "were rushed through the signing process, had no ability to negotiate, did not see the

arbitration language buried on the back page of the preprinted carbon paper forms, and did not separately initial the arbitration clause").

Further, although the Agreement specifies that "the party seeking arbitration shall follow the then current procedures required by the Arbitration Firm to file for arbitration" and identifies "NAM's rules" as controlling (ER 84), TA Operating submitted an entirely different set of rules in support of its motion to compel and in the excerpts of record here. These rules are referenced only in the section entitled "Rules of Arbitration." ER 85. In other words, two different set of rules are referenced by the Agreement.

An arbitration agreement is procedurally unconscionable where "the employer not only fails to provide a copy of the governing rules, but also fails to clearly identify which rules will govern so the employee could locate and review them." *Carbajal v. CWPSC*, 245 Cal. App. 4th 227, 244-245 (2016). TA Operating alleges it provided the NAM Employment Rules and Procedures to Mr. Holley-Gallegly. There is no evidence it provided the NAM general rules. ER 49.

At the time of execution of the agreement, Mr. Holley-Gallegly could not possibly have known what rules would actually apply to an arbitration, and even now he cannot know what rules would apply. Courts have found oppression under circumstances less confusing than these. See, e.g., *Harper,* 113 Cal. App. 4th at

25

1406 (oppression found where arbitration agreement failed to specify what version of the BBB rules applied).

In sum, the Agreement is highly procedurally unconscionable because it was both oppressive and surprising.

### B.     The Agreement is substantively unconscionable.

The Agreement contains multiple provisions that are patently unconscionable, but TA Operating raises only those items that the district court addressed. Because review here is de novo, this Court may affirm on any ground that has support in the record, regardless of whether the district court decision relied on the same grounds or reasoning adopted by the appellate court. *Logan v. U.S. Bank Nat'l Ass'n,* 722 F. 3d 1163, 1169 (9th Cir. 2013). As such, this Court should affirm the finding of substantive unconscionability; not only are the three provisions the district court noted unconscionable, but also are three additional provisions raised by Mr. Holley-Gallegly in the district court and not addressed by TA Operating here.

### 1.     The Agreement purports to waive Mr. Holley-Gallegly's constitutional right to a jury trial even if the Agreement is held unenforceable.

As noted above, the Agreement provides that "**IF THIS AGREEMENT IS DETERMINED TO BE UNENFORCEABLE ANY CLAIMS BETWEEN YOU**

**AND THE COMPANY RELATED TO YOUR EMPLOYMENT SHALL BE SUBJECT TO A NON-JURY TRIAL.**" ER 87, § III.C (emphasis in original).

This provision is patently unconscionable under California law. *Dougherty v. Roseville Heritage Partners*, 47 Cal. App. 5th 93, 107 (2020) (arbitration agreement is unenforceable where it "require[s] plaintiffs to waive in advance their right to a jury trial for any dispute for which arbitration is not allowed by law").

Because the Agreement requires Mr. Holley-Gallegly to waive in advance his right to a jury trial for any nonarbitrable dispute, it is substantively unconscionable.

> 2.    *The Agreement limits Mr. Holley-Gallegly's right to representation.*

Limiting a party's representation at arbitration violates the right to a fair hearing. See *Hoso Foods, Inc. v. Columbus Club, Inc.,* 190 Cal. App. 4th 881, 889 (2010) (holding that corporation was precluded from the possibility of a fair arbitration hearing when arbitrator denied corporation's choice of representative at the hearing).

The Agreement here provides that "the decision whether to use a lawyer must be made at the time th[e] arbitration is initiated," or, if TA Operating initiates arbitration, "within twenty (20) calendar days after [the employee's] receipt of notice that the Company has initiated arbitration." ER 85.

A lay person who has complex statutory claims may initiate arbitration without realizing that he needs an attorney. And without an attorney, he will likely not recognize the extent of his claims or his rights to relief. Accordingly, he would be unable to vindicate the rights at stake.

Further, even though TA Operating agrees it will forego an attorney if the employee does, it will most likely be represented by sophisticated, experienced executives and have the advice of counsel on the side. Also, in connection with employee claims, self-representation will be harsher on the employee than TA Operating because the employee will have the burden of proof. That burden can be onerous for a lay person.

Although TA Operating does not address this provision in its Opening Brief, in its district court reply it argued that the Agreement did not take away Mr. Holley-Gallegly's choice to be represented and argued the provision is bilateral because TA Operating would not use a lawyer if Mr. Holley-Gallegly opted not to. However, these arguments ignore the tight time limits the Agreement imposes on Mr. Holley-Gallegly to retain representation and the imbalance of knowledge and resources between the parties.

This provision is unfair because it hinders the employee significantly more than the employer. Accordingly, the attorney-limitation provision renders the Agreement substantively unconscionable.

### 3. *The Agreement limits Mr. Holley-Gallegly's remedies.*

As addressed above, an arbitration agreement may not limit statutorily imposed remedies such as attorney fees and costs. *Armendariz*, 24 Cal.4th at 103.

The law applicable to Mr. Holley-Gallegly's claims provides that a prevailing plaintiff shall recover fees and costs for successful wage claims. Labor Code §§ 218.5, 1194(a). In addition, fees and costs may be awarded to a prevailing employer under section 218.5 *only* where the action is found to be "in bad faith." Labor Code § 218.5. Section 1194 does not provide for any fees or costs to be awarded to a prevailing employer. Labor Code § 1194; *Eicher,* 151 Cal. App. 4th at 1381 (section 1194 is a "one-way fee shifting statute … which authorizes fee awards only in favor of employees").

As previously noted, the Agreement later states, "The arbitrator may award reasonable attorneys' fees and expenses only if expressly required by an applicable statute or law," but this clause does not vitiate the unconscionability. The prior unconscionable provisions regarding fees are designed to deter an employee from exercising his rights. As such, this clause in the Agreement is contrary to the requirements of *Armendariz* and is unconscionable.

### 4. *The Agreement severely restricts discovery.*

"The denial of adequate discovery in arbitration proceedings leads to the de facto frustration of the employee's statutory rights." *Armendariz,* 24 Cal. 4th at 104.

"Given the complexity of employment disputes, the outcomes of which are often determined by the testimony of multiple percipient witnesses, as well as written information about the disputed employment practice, it will be the unusual instance where the deposition of two witnesses will be sufficient to present a case." *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 717 (2004).

Here, the Agreement unreasonably restricts Mr. Holley-Gallegly's discovery rights. Specifically, it provides, "If either party elects to conduct prehearing discovery, each party shall be allowed only up to five (5) interrogatories, including subparts, five (5) requests for production, including sub-parts, and two (2) depositions. Electronic discovery will be limited to searches of e-mail accounts of no more than two (2) addresses for a twelve month period (or any shorter period for which e-mails are retained in the ordinary course) and a maximum of five (5) search terms or phrases will be permissible." ER 85.

These limitations are unreasonable because Mr. Holley-Gallegly will need extensive written discovery and depositions not only of TA Operating and its managers, but also presumably of other similarly situated employees to present his case. "Employment disputes are factually complex, and their outcomes 'are often determined by the testimony of multiple percipient witnesses, as well as written information about the disputed employment practice.'" *Baxter v. Genworth North America Corp.,* 16 Cal. App. 5th 713, 727 (2017) (citing *Fitz,* 118 Cal. App. 4th at

30

717). "Seemingly neutral limitations on discovery in employment disputes may be nonmutual in effect. 'This is because the employer already has in its possession many of the documents relevant to an employment discrimination case as well as having in its employ many of the relevant witnesses.'" *Id*. (finding arbitral provision limiting discovery to 10 interrogatories, 5 written requests for documents and depositions of 2 individuals to be substantively unconscionable). As a result of the limitation on discovery, the Agreement violates *Armendariz.*

TA Operating contends that the Agreement allows discovery according to the NAM rules in addition to that provided by the Agreement. However, the plain language of the Agreement does not support this interpretation. The Agreement's discovery paragraph states, "**Except as provided in this paragraph**, the arbitration shall be conducted in accordance with the Arbitration Firm's then current rules." ER 85. As noted the paragraph in question prescribes restricted discovery. Accordingly, the NAM rules do not apply to the discovery provision, which is unconscionable.

TA Operating also contends that the Agreement allows for adequate discovery. To the contrary, a recent California decision held that more expansive discovery unconscionably prejudiced a plaintiff. *Murrey v. Superior Court,* No. G061329, -- Cal. App. 5th --, 2023 WL 1098156, at *13 (Cal. Ct. App. Jan. 30, 2023) (holding discovery provision limiting "each party to three depositions and '20 separately

numbered interrogatories' … 15 requests for documents and 15 requests for admissions" was unconscionable).

As a result, the discovery provision here is unconscionable.

### 5. *The Agreement imposes unnecessary pre-arbitration hurdles.*

Imposing procedural hurdles to initiate arbitration on an employee but not the employer is one-sided and, therefore, substantively unconscionable. *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 131 (2019) (finding unconscionability where "employees may be so confused by the agreement that they are deterred from bringing their wage claims at all").

Here, the employee must initiate a pre-arbitration "Grievance Process" by submitting a specific form entitled "Dispute Resolution Claim Form." ER 84, § II.A. The Agreement asserts that this special form is attached to the Agreement, but Mr. Holley-Gallegly did not receive it. SER-039. Although the Agreement also states that an employee can obtain this particular form from HR or by calling a number, the imposition of this unnecessary step serves only to deter employees from bringing a wage claim at all. The deterrence is one-sided because TA Operating itself drafts the special initiation form. Accordingly, this provision is also substantively unconscionable.

TA Operating did not address this provision in its Opening Brief. However, in the district court, TA Operating argued that "there is no evidence whatsoever that the

Agreement's grievance procedures impose a one-sided deterrence to employees seeking to bring claims against TA." SER-055. To the contrary, because TA Operating already has in its possession its special form that an employee must use before he can begin arbitration, this provision benefits TA Operating to the detriment of Mr. Holley-Gallegly.

> 6. *The Agreement imposes an unconscionable one-day limit on arbitration.*

The Agreement limits the arbitration hearing to a single day. ER 85, § II.B.vi. With eleven claims currently at issue in this lawsuit, it is extremely unlikely, if not impossible, that Mr. Holley-Gallegly would be able to effectively present his case in one day. Further, because Mr. Holley-Gallegly's representative PAGA claim, on behalf of hundreds of other aggrieved employees, would also be arbitrated, there is simply no way Mr. Holley-Gallegly would have sufficient time to meet his burden of proof. As such, the hearing time constraint imposed by the Agreement unduly limits Mr. Holley-Gallegly's ability to effectively vindicate his claims and thus will have an unjust effect, making the single day arbitration provision substantively unconscionable.

Again, TA Operating does not address this provision in its Opening Brief. In the district court, its reply contended that the provision is not unconscionable because the arbitrator could allow for more than one day. SER-056. To the contrary, because

the section containing this provision is ambiguous regarding what rules apply,[3] "it is highly foreseeable there will be delays and additional expenses while sorting out whether [Mr. Holley-Gallegly] can have additional time at the arbitration." *Murrey,* -- Cal. App. 5th --, 2023 WL 1098156, at *16 (holding that where an arbitration agreement incorporates a "mix of confusing rules," an unconscionable provision is not cured by giving the arbitrator discretion to change it).

Accordingly, this provision restricting Mr. Holley-Gallegly to one day of arbitration is unconscionable.

### C. The unconscionable provisions permeate the Agreement.

If a trial court finds unconscionability in an arbitration agreement, it may either refuse to enforce the arbitration agreement or sever the unconscionable provision. However, the California Supreme Court has held that severance is not appropriate when the arbitration agreement is "permeated" with unconscionability due to multiple unlawful or unconscionable factors. *Armendariz,* 24 Cal. 4th at 124 ("If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. [¶] ... [M]ultiple defects [two, in *Armendariz*] indicate a systematic

---

[3] The subsection containing this provision provides, "Except as provided in this paragraph, the arbitration shall be conducted in accordance with the Arbitration Firm's then current rules for the resolution of employment disputes." ER 85. Does this mean that the Arbitration Rules apply to the provisions – like the one-day limitation - appearing after a blank line but in the same section? Or by "paragraph," does the Agreement really mean "subsection"?

effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage").

Here, TA Operating argues that the district court abused its discretion in holding that severance of the unconscionable terms was not appropriate. TA Operating contends the district court applied the wrong standard but fails to note that the district court found "the Agreement contains multiple unconscionable provisions that are indicative of bad faith in drafting." ER 12. Relying on *Armendariz,* the Ninth Circuit recently explained that "an unconscionable arbitration term should also not be severed if drafted in bad faith because severing such a term and enforcing the arbitration provision would encourage drafters to overreach." *Lim,* 8 F. 4th at 1005–06

A severability clause does not change the analysis when an agreement is permeated by unconscionability. See *Jackson v. S.A.W. Ent. Ltd.*, 629 F. Supp. 2d 1018, 1030 (N.D. Cal. 2009) (refusing to apply severability clause to save an agreement permeated by unconscionability).

Importantly, "the fact that a severance can mechanically and grammatically be accomplished is not dispositive." *Jackson*, 629 F. Supp. 2d at 1030. "*Armendariz* was also concerned with whether there was something in the arbitration agreement—such as the fact of more than one unlawful provision—which suggested that the party in

the superior bargaining position was trying to impose arbitration not as an alternative to litigation but rather as an inferior forum." *Id.*

TA Operating's willingness to sever any unconscionable provisions creates a "perverse incentive"; "[w]ere that the law, employers would have every incentive to pack their arbitration agreements with unenforceable provisions designed to chill employees' pursuit of employment-related claims." *Capili v. Finish Line, Inc.*, 116 F. Supp. 3d 1000, 1009 (N.D. Cal. 2015). "If the Court were to sever the numerous unconscionable provisions in a case such as this, companies could be incentivized to retain unenforceable provisions designed to chill customers' vindication of their rights, then simply propose to sever these provisions in the rare event that they are challenged successfully in court." *MacClelland v. Cellco P'ship,* No. 21-CV-08592-EMC, 2022 WL 2390997, at *16 (N.D. Cal. July 1, 2022).

Here, the Agreement contained multiple substantively unconscionable provisions such that it indicates a systematic effort to impose arbitration not simply as an alternative to litigation, but as an inferior forum. In contrast to the two unconscionable provisions in *Armendariz*, here, the Agreement tries to impose the following on an unsophisticated, low-wage worker: The employee must track down a specific form in order to initiate the process, is forced into arbitration without an attorney, or, if he manages to hire an attorney before sending the initial specific form, he is not entitled to attorney's fees; he is given one day to present his case, with

36

severely limited discovery; and for any claims not sent to arbitration, he is prohibited from exercising his right to a jury.

These multiple egregious provisions are not accidental. They reflect a systemic effort to impose an inferior forum on Mr. Holley-Gallegly. Crucially, were the Court to merely sever these unconscionable provisions, TA Operating will be rewarded because of the chilling effect they have and will not be deterred from including these terms in future arbitration agreements. Therefore, severing the unconscionable provisions is not appropriate, and the district court did not abuse its discretion in refusing to do so.

## CONCLUSION

This Court should affirm the district court's denial of the motion to compel arbitration and remand the case for trial.

Dated: February 10, 2023          Respectfully submitted,

The Law Offices of Kevin T. Barnes

By:  */s/ Kevin T. Barnes*
      Kevin T. Barnes
      Attorney for Appellee
      Kenneth Holley-Gallegly

**STATEMENT OF RELATED CASES**

Appellee Holley-Gallegly in unaware of any related cases pending before this Court.

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____ **No. 22-55950**_____

I am the attorney or self-represented party.

**This brief contains** _____**8,177**_____ **words,** including ___0_____

words manually counted in any visual images, and excluding the items exempted by

FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** ____*s/ Kevin T. Barnes*_____ **Date** ____**2/10/23**_____
*(use "s/[typed name]" to sign electronically-filed documents)*

39

# Circuit Rules 28-2.7
# Addendum

# ADDENDUM

**Table of Contents**

Cal. Labor Code § 218.5 – Below

Cal. Labor Code § - Below

Cal. Labor Code § 1194 - Below

## California Labor Code § 218.5:

In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney s fees and costs to the prevailing party if any party to the action requests attorney s fees and costs upon the initiation of the action. This section shall not apply to an action brought by the Labor Commissioner. This section shall not apply to a surety issuing a bond pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code or to an action to enforce a mechanics lien brought under Chapter 4 (commencing with Section 8400) of Title 2 of Part 6 of Division 2 of the Civil Code.

This section does not apply to any action for which attorney s fees are recoverable under Section 1194.

## California Labor Code § 925.

(a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

(1) Require the employee to adjudicate outside of California a claim arising in California.

(2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee,

the matter shall be adjudicated in California and California law shall govern the dispute.

(c) In addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees.

(d) For purposes of this section, adjudication includes litigation and arbitration.

(e) This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied.

(f) This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017.


**California Labor Code § 1194:**

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

(b) The amendments made to this section by Chapter 825 of the Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992.

42